UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBBY OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00571-SRC |
| | ) | |
| OFFICER WILLIE BROWN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

In August 2025, the Court granted Owens's motion for leave to proceed *in forma pauperis*, doc. 2, and ordered Owens to file an amended complaint on the Court-provided form no later than September 11, 2025.  Doc. 10 at 3 (The Court cites to page numbers as assigned by CM/ECF.).  Owens complied, doc. 12, and the Court now reviews the amended complaint under 28 U.S.C. § 1915(e)(2).  For the following reasons, the Court dismisses this action.

I.      **Background**

Owens alleges that several defendants engaged in a "coordinated scheme" to intimidate him and seize control of a "sacred historical site" located at 5579 Labadie Avenue in St. Louis, Missouri.  Doc. 12 at 5.  Owen first claims that on November 26, 2006, Owens and his family were "subjected to a violent attack."  *Id.*  Owens then claims that on March 11, 2007, Defendants Sharron Brown and Cori Bush Merritts incited a "group assault" against him and his uncle.  *Id.*  He also alleges that on the same day, Defendant Willie Brown, a Captain with the St. Louis Police Department, unlawfully arrested and assaulted him after officers handcuffed him.  *Id.*

Owens separately alleges that on March 25, 2007, Defendants Vickie Brown, Sharron Brown, and Thesola Dumas filed "fraudulent property documents."  *Id.*  Finally, Owens claims

that on November 19, 2012, the Defendants executed a "fraudulent quitclaim deed" to seize control of the property. *Id*. Owens asserts claims under 42 U.S.C. § 1983 and under two federal statutes, including 18 U.S.C. §§ 242, 248. *Id*. at 3. He seeks $1,100,000 in actual damages and $1,100,000 in punitive damages. *Id*. at 6.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction"

means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe

the complaint in a way that permits" it to consider the claim within the proper legal framework.

*Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914

(8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The

Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional

facts or to construct a legal theory for the self-represented plaintiff). Nor must the Court

interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil*

*v. United States*, 508 U.S. 106, 113 (1993).

## III.    Discussion

Section 1983 does not contain a specific statute of limitations. *See* 42 U.S.C. § 1983.

Instead, federal courts adopt the forum state's limitations period for personal-injury actions. *See*

*Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). In Missouri, a five-year statute of

limitations applies to section 1983 claims. *Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir.

2005); Mo. Rev. Stat. § 516.120. A section 1983 claim accrues "when the plaintiff has a

complete and present cause of action," that is, when the plaintiff "can file suit and obtain relief."

*Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up). Although the statute of limitations

constitutes an affirmative defense, the Court may dismiss a complaint under section 1915 "when

it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.

1992) (per curium).

Owen first claims that on November 26, 2006, Owens and his family were "subjected to a

violent attack." Doc. 12 at 5. Owens then alleges that the arrest and assault occurred on March

3

11, 2007. *Id.* He also alleges Defendants filed fraudulent property documents on March 25, 2007, and executed a fraudulent quitclaim deed on November 19, 2012. *Id.* But Owens filed this action on April 24, 2025, *see* doc. 1, more than 12 years after the latest event, *id.* at 5. Owens's conclusory assertion that Defendants' conduct is a "continuing pattern" does not change this conclusion, *see* doc. 12 at 5. *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 994 (8th Cir. 2016) ("A court need not accept conclusory allegations."). And even if the continuing violation doctrine applies to section 1983 claims, it does not save claims based on discrete acts like those Owens describes. *See High v. Univ. of Minn.*, 236 F.3d 909, 909 (8th Cir. 2000) ("This court has never applied the continuing violations doctrine to a discrete act[.]"); *see also Montin v. Est. of Johnson*, 636 F.3d 409, 415–16 (8th Cir. 2011). The statute of limitations therefore bars his section 1983 claims, and the Court dismisses them under section 1915(e)(2)(B). *See Myers*, 960 F.2d at 750–51.

Finally, 18 U.S.C. § 242 does not provide a private right of action. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998). And while 18 U.S.C. § 248 provides a civil cause of action for "conduct that interferes with religious services conducted in a place of worship," *see United States v. Dinwiddie*, 76 F.3d 913, 923 n.6 (8th Cir. 1996), the statute of limitations for Owens's claim ran over a decade ago, *see* doc. 12 at 5. 28 U.S.C. § 1658 (providing a 4-year statute of limitations on civil actions arising under an "Act of Congress" passed after 1990). Congress enacted 18 U.S.C. § 248 in 1994. *See* Freedom of Access to Clinic Entrances Act of 1994, Pub. L. No. 103-259, 108 Stat. 694. The Court therefore dismisses these claims under section 1915(e)(2)(B). The Court doubts Owens's Amended Complaint would otherwise survive merits review under section 1915. *See* doc. 12. But, because the statutes of limitation bar

4

several of his claims, the Court need not further address the merits.  The Court also certifies that an appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

## IV.    Conclusion

Accordingly, the Court dismisses this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 14th day of May 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE